IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JORGE RUIZ-MARENTES,

    Plaintiff,

v.                                                   CV 12-1014 WDS/WPL

EMILY MONTOYA, et al.,

    Defendants.

**ORDER GRANTING MOTION TO ALLOW FOR SERVICE
OF DEFENDANT JAMES BY PUBLICATION**

This matter is before me on Jorge Ruiz-Marentes's second motion seeking to effect service on David E. James by publication. (Doc. 26.) Defendants Don Derrick, Derek Williams, Jorge Trujillo, Michael Drew, and the Valencia County Board of Commissioners ("VCBC") have filed a response in opposition (Doc. 27), arguing that such efforts are not reasonably calculated to provide James with notice of this lawsuit. Having considered these documents, the earlier filings incorporated therein, and the relevant law, I find that Ruiz-Marentes's motion is well-taken and should be granted as described herein.

**BACKGROUND**

On September 27, 2012, Ruiz-Marentes filed the complaint in this § 1983 action against VCBC and several Valencia County law enforcement and corrections officers, including James. (Doc. 1.) Ruiz-Marentes's process server effected service on a David James in Los Lunas, New Mexico, on October 19, 2012. (Doc. 7.) Several weeks later, defense counsel filed an answer on James's behalf. (*See* Doc. 14 at 3-4.) However, that document was subsequently withdrawn by defense counsel, who noted that James had not authorized the attorney to enter an appearance on

his behalf in this case. (*See id.* at 4.)[1] Around this time, Ruiz-Marentes's attorney received communication from the David James who had been served in Los Lunas, advising that he had never worked for Valencia County and was not the target of Ruiz-Marentes's complaint. (*Id.* at 4.)

On January 8, 2013, having failed to serve three of the eight Defendants in this matter, including James, Ruiz-Marentes moved for an extension of the impending deadline to do so, noting extensive difficulties in locating the Defendants in question. (Doc. 14.) I granted this request and extended the deadline for service to February 25, 2013, but I denied without prejudice the concurrent request to attempt service on these Defendants by publication. (Doc. 19.) Although Ruiz-Marentes soon effected service on the other two remaining Defendants (Doc. 20; Doc. 21), he was unable to serve James within the extended deadline.

Ruiz-Marentes filed the instant motion on February 25, 2013. (Doc. 26.) Attached to this motion are eight exhibits and attachments, including an affidavit from a paralegal describing the numerous steps taken to locate James since the failed attempt to serve him in Los Lunas. (*See* Doc. 26 Ex. A.) Those efforts include the following:

1) contact with Valencia County, James's former employer;

2) a database search, which yielded three addresses from the last two and a half years;

---

[1] Although the fact has no bearing on my decision, I note that the same attorney who filed and withdrew James's purported answer subsequently filed an answer on behalf of Derrick, Williams, and VCBC (Doc. 9), and that this attorney later represented those Defendants in opposing an extension of the deadline for service on Trujillo, Drew, and James (Doc. 15). This same attorney now represents Trujillo and Drew (*see* Doc 22; Doc. 23), and all five of the parties represented by this attorney now oppose this motion seeking service on James via publication (Doc. 27).

Defendants Emily Montoya and Rene Rivera, who are represented by a different attorney, take no position on the instant motion. (Doc. 26 at 1-2.) Accordingly, unless otherwise indicated, the use of the term "Defendants" in this Order should be understood to refer to Derrick, Williams, Trujillo, Drew, and VCBC.

3) contact with two other purported former employers, neither of whom would verify that James had worked for them;

4) a failed attempt to personally serve James at a Belen, New Mexico address, where James's former father-in-law currently resides;

5) contact with James's brother, who stated that he had not talked to James for years;

6) an attempted call to James's cell phone, which has apparently been disconnected;

7) failed attempts to contact James at two email addresses, one of which does not exist;

8) a failed attempt to personally serve James at a nonexistent address in Tucson, Arizona;

9) a failed attempt to personally serve James at his sister's Macon, Georgia address, where he had recently been served correspondence regarding a Valencia County legal matter; and

10) contact at the Macon address with James's brother-in-law, who stated that he and his wife had not talked to James for two years and that they believed James to be living in Arizona.

(*Id.* & Atts. A-G.) Believing that the Macon address represents the most recent viable address for James, Ruiz-Marentes seeks to serve James via publication in a newspaper of general circulation in Macon. (Doc. 26 at 5.)

In response, Defendants argue that publication would not be reasonably calculated to notify James of this pending lawsuit. (Doc. 27 at 2-3.) They contend that the evidence does not provide a sufficient basis for concluding that the publication sought by Ruiz-Marentes would notify James of this action and that Ruiz-Marentes has therefore failed to meet New Mexico's prerequisites for service by publication. (*Id.*)

## DISCUSSION

There is no express provision for service by publication under the Federal Rules of Civil Procedure. Still, Federal Rule 4(e)(1) allows for service to be effected on a defendant in a judicial district of the United States by following "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Although Ruiz-Marentes seeks to serve James via publication in a Macon newspaper, Georgia law only provides for service by publication in a limited variety of *in rem* proceedings. *See* GA. CODE ANN. § 9-10-71 (2012); *Gordon v. Coles*, 429 S.E.2d 297 (Ga. Ct. App. 1993) (citing *Barnes v. Con'l Ins. Co.*, 201 S.E.2d 150, 151 (Ga. 1973)) (noting that the state has no provision for service by publication in *in personam* cases). Therefore, Ruiz-Marentes must satisfy the service provisions set forth by New Mexico law if he wishes to serve James by publication.

New Mexico Rule of Civil Procedure 1-004(J) only allows for service on an individual by publication on a "showing by affidavit that service cannot reasonably be made" pursuant to the state's general rules for personal service. Those rules require the plaintiff to attempt service on an individual defendant either (1) by delivering the summons to him; (2) if the first step is unsuccessful, by leaving the summons with someone living at his usual place of abode; or (3) if the other methods do not work, by delivering the summons to the person in charge at his place of employment. *See* N.M.R. CIV. P. 1-004(F). Only if a plaintiff has attempted service in this manner, and has sworn via affidavit that such service could not reasonably be made, may a court allow for service by publication. *See id.* 1-004(J). Even then, service by publication must be "reasonably calculated" to advise the defendant of the pending action. *Id.* Further, the motion for service by publication must include a copy of the proposed notice to be published. *Id.* 1-004(K).

Here, Ruiz-Marentes has provided sworn affidavits from his attorney's paralegal and a process server describing their attempts to locate James. (Doc. 26 Ex. A & Att. B.) To date, every address obtained for James, including several locations in New Mexico and in Tucson, has proved to be either outdated or nonexistent. (*Id.*) James's last known place of employment was with Valencia County, where he has not worked since February 2010. (Doc. 26 Ex. A at 2.) The paralegal also failed to reach James through other means of attempted contact, such as calls to his last known cell phone number, a call to his brother, and electronic communication to two different email addresses. (*Id.* at 4, 5 & Att. G.)

Ruiz-Marentes bases his request for service by publication in Macon on the grounds that New Mexico state court documents were served on James at his sister's address in that city within the last year, making this the last known viable address for him. (Doc. 26 Ex. A Atts. A, D.) Notably, James's sister and brother-in-law observed that creditors have frequently attempted to contact James at that address. (Doc. 26 Ex. A Att. F.) On the other hand, James's brother-in-law apparently stated that the couple had not heard from James in approximately two years and that they understand him to be living in Arizona. (*Id.*)

Given the circumstances, I conclude that Ruiz-Marentes has satisfied the prerequisites for service by publication under New Mexico law. Ruiz-Marentes has sufficiently shown via his paralegal's affidavit that his attempts to locate a home or business address for James have been diligent but unsuccessful, thus establishing that service could not reasonably be made on James pursuant to New Mexico Rule 1-004(F). He has also attached a largely acceptable draft notice for publication in accordance with New Mexico Rule 1-004(K). Finally, because James has apparently purposefully directed legal and financial correspondence to his sister's address in Macon, I find that James could reasonably be expected to maintain at least a periodic presence in

that city. Accordingly, I conclude that publication in a newspaper of general circulation in Macon would be reasonably calculated to provide notice of this suit to James.

That said, I also note that a David E. James was listed as living at an (admittedly nonexistent) address in Tucson as recently as December 2012 (Doc. 26 Ex. A at 2 & Att. A), and that James's brother-in-law purportedly believes him to be living in Arizona (Doc. 26 Ex. A Att. F). Thus, publication in a newspaper of general circulation in Tucson would also be reasonably calculated to apprise James of this pending suit. Therefore, if Ruiz-Marentes proceeds to attempt service on James via publication in a Macon newspaper, he must also attempt such service on James via publication in a newspaper of general circulation in Tucson.

Although Defendants cite *Valdez v. Petty*, CV 10-0631 MCA/RHS, Doc. 70 (D.N.M. Feb. 21, 2012), in opposition to this motion, that case is inapposite. In that action, a "cat and mouse routine" led the plaintiff to attempt service by publication in Texas and New Mexico counties even though the defendant had apparently absconded to the United Arab Emirates. *Valdez*, Doc. 70, at *1, *4. In denying the plaintiff's motion, Magistrate Judge Robert H. Scott recognized that service in New Mexico and Texas would be ineffective since the defendant was known to be living in a foreign country. *See id.* at *4-5. In this matter, by contrast, it is not clear that James is living outside of Macon or Tucson, and there is significant evidence that he currently resides in or maintains frequent contact with those cities. Further, while Magistrate Judge Scott observed that the plaintiff in *Valdez* had failed to exhaust efforts to personally serve the defendant in the United Arab Emirates, I find that Ruiz-Marentes has diligently and exhaustively attempted personal service on James in every city where the evidence suggests a current residence. As such, *Valdez* does not support the conclusion that service by publication is unwarranted here.

Two minor matters remain. First, Ruiz-Marentes must alter his proposed Notice of Law Suit (Doc. 26 Ex. B) before publication to reflect Federal Rule 12(a)(1)(A)(i)'s twenty-one-day time limit for serving an answer, rather than the twenty-day period currently provided for in the Notice. Second, I conclude that Ruiz-Marentes has shown good cause for an extension of the deadline for effecting service under Federal Rule 4(m). Accordingly, Ruiz-Marentes has until ten days from the entry of this Order to effect service on James via publication in Macon and Tucson newspapers.

## CONCLUSION

Ruiz-Marentes's Motion to Allow for Service of Defendant James by Publication is granted. Ruiz-Marentes has until **ten days from the entry of this Order** to publish his Notice of Law Suit, amended as directed by this Order, in newspapers of general circulation in Macon, Georgia, and Tucson, Arizona. Once service has been so published, Ruiz-Marentes must timely file with the Court an affidavit to that effect as well as an affidavit from an officer or agent from each newspaper in which the Notice of Law Suit was published, in accordance with Federal Rule 4(*l*) and New Mexico Rule 1-004(L).

IT IS SO ORDERED.

_William P. Lynch_
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.